IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

R.J. REYNOLDS VAPOR COMPANY,    )
                                )
            Plaintiff,          )
                                )
    v.                          )    C.A. No.
                                )
VPR BRANDS, LP,                 )    **JURY TRIAL DEMANDED**
                                )
            Defendant.          )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff R.J. Reynolds Vapor Company ("Reynolds") brings this Complaint For Declaratory Judgment against VPR Brands, LP ("VPR") seeking a declaration that Reynolds does not infringe United States Patent No. 8,205,622 ("the '622 patent").

## NATURE OF THE ACTION

1.    This is a civil action for a declaratory judgment of non-infringement of the '622 patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.    This action arises from Defendant VPR's accusations that Reynolds's products, which include the VUSE® Alto, VUSE® Solo, VUSE® Vibe, and VUSE® Ciro ("VUSE® Products"), infringe the '622 patent (Exhibit 1), and Defendant VPR's explicit threats to enforce the '622 patent against Reynolds.

## PARTIES

3.    Plaintiff Reynolds is a corporation organized and existing under the laws of the state of North Carolina, with its principal place of business at 401 North Main Street, Winston-Salem, North Carolina 27101.

4.    Upon information and belief, Defendant VPR Brands, LP is a limited partnership organized and existing under the laws of the State of Delaware, with a principal place of business

at 1141 Sawgrass Corporate Parkway, Sunrise, FL 33323.  Upon information and belief, VPR's registered agent for service of process in Delaware is Havard Business Services, Inc., with a registered office at 16192 Coastal Hwy, Lewes, DE 19958.  Exhibit 2.

## JURISDICTION AND VENUE

5.    Reynolds repeats, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

6.    This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.    This Court has original jurisdiction over the subject matter of the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.    This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  The case and controversy between the parties arises from VPR's assertion of its '622 patent and its accusations that Reynolds's products infringe one or more claims of VPR's '622 patent relating to electronic vaping devices.  An actual case and controversy exists at least because Reynolds does not infringe and has not infringed any of the claims of the '622 patent, and VPR has accused Reynolds of infringing the '622 patent.  VPR's actions have created a real, immediate, and justiciable dispute between VPR and Reynolds as to whether Reynolds's VUSE® Products or other vaping products infringe the '622 patent.

9.    This Court has personal jurisdiction over VPR because, as set forth above, VPR is a Delaware limited partnership and therefore resides in this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and 1391(c) because VPR is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

11.     Reynolds repeats, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

### A.  Reynolds

12.     For many years, Reynolds has been a pioneer in the development of e-cigarettes, having commercialized e-cigarette products primarily sold under the VUSE® brand.  The VUSE® Products are a key embodiment of Reynolds's alternatives to combustible cigarettes and are currently the market leader within the closed system e-cigarette category in the U.S.  They are also a key embodiment of Reynolds's commitment to its guiding principles regarding tobacco harm reduction.

### B.  The '622 Patent

13.     The '622 patent, entitled "Electronic Cigarette" was issued by the U.S. Patent & Trademark Office ("USPTO") on June 26, 2012.  A true and correct copy of the '622 patent is attached as Exhibit 1.

14.     On information and belief, VPR is currently the owner of all right, title, and interest in and to the '622 patent.  Exhibits 3-4.  According to the assignment filed with the USPTO, VPR obtained all right, title, and interest in the '622 patent on August 26, 2019.  Exhibits 3-4.  As of March 2026, VPR represented to Reynolds that it remains the owner of the '622 patent.

### C.  VPR's History Of Enforcement Of The '622 Patent

15.     Since 2020, VPR has repeatedly pursued patent enforcement litigation, and has filed at least 26 lawsuits against over 50 electronic cigarette and vaporizer companies,

distributors, and retailers for alleged infringement of the '622 patent. *See VPR Brands, LP v. Jupiter Research LLC*, 2-20-cv-02185 (D. Ariz. filed Nov. 13, 2020); *VPR Brands, LP v. Cool Clouds Distribution, Inc.*, 2-21-cv-01116 (C.D. Cal. filed Feb. 8, 2021); *VPR Brands, LP v. XL Vape, LLC*, 2-21-cv-01110 (C.D. Cal. filed Feb. 8, 2021); *VPR Brands, LP v. MONQ, LLC*, 3-21-cv-00172 (M.D. Tenn. filed Mar. 2, 2021); *VPR Brands, LP v. B&G Trading LLC*, 2-21-cv-00361 (D. Ariz. filed Mar. 2, 2021); *VPR Brands, LP v. Lightfire Holdings LLC*, 0-21-cv-60496 (S.D. Fla. filed Mar. 3, 2021); *VPR Brands, LP v. Myle Vape Inc. et al*, 1-21-cv-02445 (E.D.N.Y. filed May 3, 2021); *VPR Brands, LP v. HQD Tech USA, LLC*, 1-21-cv-21678 (S.D. Fla. filed May 3, 2021); *VPR Brands, LP v. PHD Marketing, Inc.*, 2-21-cv-03797 (C.D. Cal. May 4, 2021); *VPR Brands, LP v. BAE Worldwide LLC*, 1-21-cv-10971 (D. Mass. filed Jun. 10, 2021); *VPR Brands, LP v. Shenzhen Weiboli Technology Co. Ltd. et al*, 9-22-cv-81576 (S.D. Fla filed Oct. 13, 2022); *VPR Brands, LP v. Shenzhen iMiracle Technology Co. Ltd. et al*, 0-22-cv-62373 (S.D. Fla. filed Dec. 16, 2022); *VPR Brands, LP v. iMiracle HK Limited et al*, 9-22-cv-81977 (S.D. Fla. filed Dec. 27, 2022); *VPR Brands, LP v. Shenzhen YouMe Information Technology Co., Ltd.*, 0-23-cv-60357 (S.D. Fla. filed Feb. 23, 2023); *VPR Brands, LP v. Shenzhen Daosen Vaping Technology Co., Ltd. et al*, 0-23-cv-60358 (S.D. Fla. filed Feb. 23, 2023); *VPR Brands, LP v. Shenzhen Sigelei Technology Co., Ltd. et al*, 9-23-cv-80291 (S.D. Fla. filed Feb. 24, 2023); *VPR Brands, LP v. Shenzhen Fango Technology Co., Ltd. et al*, 1-24-cv-01154 (N.D. Ga. filed Mar. 18, 2024); *VPR Brands, LP v. Re-Up Vapes Inc.*, 8-24-cv-00735 (C.D. Cal. filed Apr. 3, 2024); *VPR Brands, LP v. Rufpuf LLC et al*, 0-24-cv-60908 (S.D. Fla. filed May 28, 2024); *VPR Brands, LP d/b/a Honey Stick v. Flumgio Technology Inc.*, 2-24-cv-07009 (C.D. Cal. filed Aug. 19, 2024); *VPR Brands, LP v. ASHH, Inc. d/b/a Ooze Wholesale*, 4-24-cv-12190 (E.D. Mich. filed Aug. 20, 2024); *VPR Brands, LP d/b/a Honey Stick v. Pop Vapor Co., LLC*, 1-24-cv-04012

(N.D. Ga. filed Sept. 6, 2024); *VPR Brands, LP d/b/a Honey Stick v. O.pen Vape LLC*, 1-24-cv-03348 (D. Colo. filed Dec. 3, 2024); *VPR Brands, LP v. Yocan USA LLC*, 2-25-cv-00286 (E.D. Cal. filed Jan. 23, 2025); *VPR Brands, LP v. Carma Holdco Inc et al*, 0-25-cv-60173 (S.D. Fla. filed Jan. 31, 2025); *VPR Brands, LP d/b/a Honey Stick v. Boulder International Inc.*, 2-25-cv-14873 (D.N.J. filed Aug. 25, 2025).

16.     As the foregoing paragraph demonstrates, VPR has a long history of asserting the '622 patent against alleged infringers.  In a recent press release announcing a "settlement follow[ing] a lawsuit filed by VPR Brands … for alleged infringement of [the '622 Patent)," VPR touted its "well-established track record of successful patent enforcement, ensuring that its technological innovations remain protected from unauthorized use" and VPR stated that it "will continue to take action against any unauthorized use of its proprietary technologies."  Exhibit 5 at 1; *VPR Brands Secures Settlement Agreement With POP Vapor, Reinforcing Commitment to Intellectual Property Protection*, VPRBRANDS.COM (February 27, 2025).  In a recent Form 10-K filed March 31, 2026, with the U.S. Securities and Exchange Commission, VPR also publicly stated:

- "We own the following U.S. patent: Electronic Cigarette, Patent 8,205,622 as issued by the United States Patent and Trademark Office on May 14, 2012." Exhibit 6 at 7.

- "We are evaluating our options and conducting investigations to determine if our intellectual property is being infringed upon in the U.S. and globally and if so, by whom.  We are prosecuting infringers and pursuing available remedies. We have hired a law firm on contingency basis to file suit against infringers." *Id.* at 6.

- "We are actively enforcing our intellectual property rights via lawsuits against infringers." *Id.*

- "The Company is also identifying electronic cigarette companies that may be infringing our patents and trademarks and exploring options to license and/or enforce our patents." *Id.* at F-6.

**D. VPR's "Notice Of Intent To Enforce" '622 Patent Sent To Reynolds In March 2026**

17.    On or about March 11, 2026, VPR, through its CEO Kevin Frija, sent a communication to Reynolds by email.  A true and correct copy of this March 11, 2026 communication is attached hereto as Exhibit 7.

18.    The subject line of the March 11, 2026 communication states "Notice of Intent to Enforce – U.S. Patent No. 8,205,622 (Auto-Draw) | 60-Day Window."  This communication threatened Reynolds with litigation if Reynolds did not comply with VPR's demands.

19.    In the March 11, 2026 communication, VPR contended that the '622 patent covers "auto-draw" activated vaporizer devices.  The communication asserted that "VPR Brands, LP owns U.S. Patent No. 8,205,622 (the ''622 Patent'), covering airflow-activated ('auto-draw') controller-based activation of vaporizer devices."  The communication stated that VPR "believe[s] Vuse products are more than likely practicing the core elements of the '622 patent." The communication explicitly threatened litigation, stating that VPR is "prepared to proceed with enforcement. Unless we are in active, substantive licensing discussions, VPR intends to initiate formal action within the next sixty (60) days (including filing in the appropriate forum(s))."  The communication provided a 10-day window for Reynolds to respond, after which VPR indicated that it would "assume Reynolds American is not interested in a pre-suit resolution and will proceed accordingly."

20.     Following receipt of the March 11, 2026 communication (Exhibit 7), Reynolds and VPR engaged in a series of further discussions and communications regarding VPR's infringement allegations.

21.     In these discussions and communications, VPR asserted that the VUSE® Alto product infringes claim 13 of the '622 patent. VPR sent Reynolds a claim chart broadly describing its allegations that the VUSE® Alto product infringes claim 13 of the '622 patent. VPR also told Reynolds that it believes the VUSE® Solo, Ciro, and Vibe products may also be implicated.

### E. An Immediate, Real, and Justiciable Controversy Exists Regarding Infringement of VPR's '622 Patent

22.     VPR has communicated to Reynolds that it believes Reynolds's VUSE® Products infringe claims of the '622 patent and that it intends to enforce its '622 patent.

23.     Reynolds denies that it infringes any valid and enforceable claim of the '622 patent.

24.     In view of VPR's written "Notice of Intent to Enforce" and related communications, there exists a substantial, real, and immediate controversy between Reynolds and VPR regarding Reynolds's alleged infringement of the '622 patent. VPR's conduct toward Reynolds and its history of enforcement of the '622 patent in at least 26 other cases against at least 51 other parties demonstrate that an immediate, real, and justiciable controversy exists between the Parties concerning whether Reynolds's manufacture, use, sale, offer for sale, or importation of the VUSE® Products or other vaping products infringes the '622 patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise. This controversy warrants the issuance of a declaratory judgment of non-infringement. A judicial declaration is

necessary and appropriate so that Reynolds may ascertain its rights and obligations regarding the '622 patent.

## COUNT I

**(Declaration of Non-Infringement of U.S. Patent No. 8,205,622)**

25.     Reynolds repeats, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26.     VPR disclaimed claims 12 and 16-18 of the '622 patent via statutory disclaimer on October 27, 2023.  Exhibit 8.

27.     Reynolds has not infringed and does not infringe directly or indirectly, any remaining claim of the '622 patent, either literally or under the doctrine of equivalents. Accordingly, Reynolds has a right to continue manufacturing, using, marketing, and selling its products without interference from the '622 patent.

28.     Among other reasons, any claim for infringement of the '622 patent by Reynolds's VUSE® Products or other vaping products is precluded, in whole or in part, based on statements, representations, and admissions made to the U.S. Patent and Trademark Office during prosecution of the patent applications resulting in the issuance of the '622 patent, and/or based on statements, representations, and admissions made to the Patent Trial & Appeal Board during *inter partes* review proceedings challenging the '622 patent.  VPR is barred or estopped from asserting any interpretation of any valid, enforceable claim of the '622 patent that would be broad enough to cover or otherwise include any of Reynolds's products alleged to infringe the '622 patent, either literally or under the doctrine of equivalents.

29.     VPR has asserted that Reynolds infringes independent claim 13 of the '622 patent, which reads as follows:

An electronic cigarette comprising

a tubular electronic inhaler and

a tubular electronic atomizer,

wherein the electronic inhaler includes an electric power source that provides an electric current to the electronic atomizer,

the electronic cigarette further comprising an electric airflow sensor that is used to turn on and off the electric power source by way of detecting an airflow and sending a signal to a Single Chip Micyoco, wherein the Single Chip Micyoco receives the signal from the electric airflow sensor, instructs the electric power source to send an electric current to the electronic atomizer, and a time period and a magnitude of the electric current.

30. For example, Reynolds's VUSE® Products do not infringe independent claim 13 of the '622 patent either literally or under the doctrine of equivalents at least because they do not include "an electric airflow sensor that is used to turn on and off the electric power source by way of detecting an airflow and sending a signal to a Single Chip Micyoco, wherein the Single Chip Micyoco receives the signal from the electric airflow sensor, instructs the electric power source to send an electric current to the electronic atomizer, and a time period and a magnitude of the electric current" as claim 13 requires.

31. As set forth above, there exists an actual controversy between Reynolds and VPR with respect to alleged infringement of the '622 patent of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Reynolds infringes any claim of the '622 patent. Accordingly, Reynolds desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '622 patent.

32. Reynolds is entitled to a judicial determination that Reynolds does not directly infringe, indirectly infringe, induce others to infringe, or contribute to the infringement of any claim of the '622 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Reynolds seeks relief from this Court as follows:

A.    a judgment in favor of Reynolds and against VPR;

B.    a declaratory judgment that Reynolds does not infringe, and has not infringed, any claim of the '622 patent;

C.    a declaration that this is an exceptional case under 35 U.S.C. § 285, and an award to Reynolds its reasonable attorneys' fees;

D.    any other costs associated with this case; and

F.    any other remedy or relief to which Reynolds may be entitled and which the Court deems just, proper, and equitable.

## JURY DEMAND

Reynolds demands a trial by jury on all claims and issues so triable.

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

*Of Counsel:*

David M. Maiorana
Kenneth S. Luchesi
Maeve P. Dineen
Emily C. Towers
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939
dmaiorana@jonesday.com
kluchesi@jonesday.com
mdineen@jonesday.com
etowers@jonesday.com

John A. Marlott
JONES DAY
110 N. Wacker Dr., Suite 4800
Chicago, IL 60606
(312) 782-3939
jamarlott@jonesday.com

Dated:  April 21, 2026

Andrew C. Mayo (#5207)
John G. Day (#2403)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
jday@ashbygeddes.com

*Attorneys for Plaintiff*